Kathleen Knudsen and Richard W. Knudsen, as parents and natural guardians of Susan Knudsen, a minor, and Kathleen Knudsen, in her own right, Appellants v. Delaware County Regional Water Quality Control Authority and Percy Jones, the Borough of Upland, Chester-Upland School District, Appellees.

Kathleen Knudsen, Administratrix of the Estate of David E. Knudsen, Deceased, Appellant v. Delaware County Regional Water Quality Control Authority, and Percy Jones, Borough of Upland and Chester-Upland School District, Appellees.

Argued June 4, 1984, before Judges Rogers, Colins and Barbieri, sitting as a panel of three.

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* for appellants.

*John M. Toscano,* with him, *John J. Tinaglia, Ballard, Spahr, Andrews & Ingersoll,* for appellee, The Chester-Upland School District.

OPINION BY JUDGE ROGERS, July 18, 1984:

On December 2, 1981, David E. Knudsen, the five-year-old son of Richard W. and Kathleen Knudsen, was fatally injured when he was struck by a truck while crossing the street near his school during a luncheon recess. This resulted in two actions brought in the Court of Common Pleas of Delaware County against the driver of the truck and his employer. Kathleen and Richard W. Knudsen as parents and natural guardians of Susan Knudsen, a minor, and Kathleen in her own right, sued for damages for mental distress and emotional injury allegedly suffered as a result of seeing David lying in the road bleeding from the head. Kathleen, as administratrix of the Estate of David, brought a survival and wrongful death action.

In each action the defendants joined the Borough of Upland and the Chester-Upland School District as additional defendants. The Borough of Upland filed an answer to the defendants' third party complaint and is not involved in this appeal.

The negligence charged to the school district in the third party complaint was, pertinently, that it:

> fail[ed] to notify the Pennsylvania Department of Transportation and/or the Borough of Upland that the 15 mph school speed limit sign was not working and/or that it was not set to go prior to this school's first lunch break.

In each action the school district filed a preliminary objection in the nature of a demurrer to the third party complaint asserting that no cause had been stated because the school district was immune

from suit by virtue of Sections 8541 and 8542 of the Judicial Code, 42 Pa. C. S. §§8541 and 8542.[1] These provisions render political subdivisions immune from suit for personal injury or property damage caused by them or their employees unless the conduct complained of falls within certain described exceptions.

The plaintiffs filed what they called responses to the preliminary objections[2] and a memorandum of law in which they contended that 42 Pa. C. S. §§8541 and 8542 are unconstitutional and, in addition, that the school district's alleged failure to notify the Pennsylvania Department of Transportation or the Borough of Upland that the traffic sign limiting the speed to fifteen miles per hour was not functioning during David's lunch recess was within the exception to immunity provided by Section 8542(b)(4), hereinafter reproduced, for injuries caused by the dangerous condition of traffic signs.

The court of common pleas held that the statute was constitutional and that the alleged acts of negligence by the school district were not within any of the eight exceptions. It entered an order in each action sustaining the preliminary objection in the nature of a demurrer and dismissing the third party complaint against the school district. The original defendants so

---

[1] The cited provisions of the Judicial Code and others were formerly the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §5311.202(b)(3). This act was repealed by Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043 and recodified without substantial change in the Judicial Code under the heading Actions Against Local Parties.

[2] We note that the plaintiffs' so called responses to the additional defendant school district's preliminary objections are contrary to Pa. R.C.P. No. 2255(b) providing that no pleadings shall be filed between the additional defendant and any party other than the one joining him.

40

far as we can tell did not appeal the orders of the court of common pleas. The plaintiffs, however, took appeals[3] from both orders. They filed these in the Superior Court and were transferred to this Court and given docket numbers 29 T.D. 1983 (the action of mother and daughter based on mental and emotional distress) and 30 T.D. 1983 (the wrongful death and survival action).

In reviewing an order sustaining a demurrer, we take the well-pleaded facts in the pleading under attack as true; we also observe the principle that a complaint should be dismissed for failing to state a cause of action only in clear cases, free of doubt or reservation. *Easton Area Joint Sewer Authority v. Bushkill-Lower Lehigh Joint Sewer Authority,* 71 Pa. Commonwealth Ct. 553, 455 A.2d 286 (1983).

Article I, Section 11 of the Pennsylvania Constitution upon which the plaintiffs principally depend[4]

---

[3] Pa. R.A.P. No. 501 provides that "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom." In *Tripps Park Civic Association v. Pennsylvania Public Utility Commission,* 52 Pa. Commonwealth Ct. 317, 415 A.2d 967 (1980), we wrote that a party must have a direct interest in an immediate consequence of the judgment from which an appeal is taken in order to be considered aggrieved. The plaintiffs in this case were unable to amend their complaints to join the school district as an additional defendant at the time the court entered its orders because the two year period of limitation provided by Section 5524 of the Judicial Code had expired and therefore have a direct interest in the court's orders dismissing the third party complaints against the school district.

[4] The plaintiffs also contend—seemingly for the first time in this proceeding—that 42 Pa. C. S. §§8541 and 8542 violate the equal protection clause of the 14th Amendment of the United States Constitution because they condition the right to sue on the basis of wealth. Their thesis is that the statute entitles wealthy family members to sue the private schools attended by their children without the hinderance of Sections 8541 and 8542 but that poor families who must use the public schools may not sue their children's schools.

for their claim that the statute is unconstitutional provides that:

Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

The plaintiffs say that this provision permits the Legislature to confer immunity upon the Commonwealth but not upon local agencies. In *Carroll v. County of York*, 496 Pa. 363, 367, 437 A.2d 394, 396 (1981), the Pennsylvania Supreme Court held that "the conferring of tort immunity upon political subdivisions is within the scope of the Legislature's authority pursuant to Article I, Section 11." Relying on *Carroll*, we have held that the Legislature constitutionally may, and in this instance did, confer immunity upon school districts. *Auerbach v. Council Rock School District*, 74 Pa. Commonwealth Ct. 507, 459 A.2d 1376 (1983); *Close v. Voorhees*, 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982); *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981).

The plaintiffs next contend that the school district had control over the traffic sign and therefore pursuant to Section 8542(b)(4) is not immune from liability. Section 8542(b)(4) provides that a political

---

This issue was neither raised in nor considered by the court of common pleas and therefore cannot be invoked on appeal. *Dunk v. Manufacturers Light & Heat Co.*, 52 Pa. Commonwealth Ct. 85, 415 A.2d 919 (1980). It seems also to have no merit. Wealth or lack of it is not a suspect class so that only a rational basis for the state's grant of immunity to public schools pursuant to Article I, Section 11 of the Pennsylvania Constitution reserving to the Legislature the power to direct the courts and cases in which it and its subdivisions may be sued, need be shown. Further, the plaintiffs in their response to the preliminary objection not only do not raise this constitutional issue, they allege no facts, and we know of none, upon which an inference can be raised that all or most children of wealthy parents attend private schools and all or most children of the poor attend public schools.

subdivision is not immune from suit for an injury caused by:

A dangerous condition of . . . , traffic signs, . . . under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The averment of the third party complaint is that the school district failed to notify the Pennsylvania Department of Transportation or the Borough of Upland that the 15 MPH school speed limit sign was not working and/or that it was not set to go prior to the school's first lunch break. This clearly is not an averment that the school district had care, custody or control of the sign.

In their brief filed in this Court, the plaintiffs assert that the sign should have been, but was not, operating during the first lunch recess when David crossed the street and that the school district's control of the time for recess was effectively power to control the operation of the sign. The pleadings do not tell us where the sign was located with relation to the school district's property; whether the times of operations were keyed to school schedules; or what, if any, agreements or understandings existed between the borough and the school district relating to the operation of the sign. In short, we are unable to conclude without doubt or reservation that the plaintiffs cannot state a cause of action within the exception of Section 8542(b)(4).

We will, therefore, affirm the court's orders insofar as they sustain the preliminary objections but modify the orders so as to give plaintiffs leave to amend their complaints joining the school district as defendants and to include statements of causes of action against the school district, without prejudice to the school district's right to file preliminary objections thereto.

ORDER

AND Now, this 18th day of July, 1984, the orders of the court of common pleas insofar as they sustain the preliminary objections to the complaints in these consolidated appeals are affirmed; but are modified, however, so as to give plaintiffs leave to join the school district as defendants in the two suits and to include statements of causes of action, without prejudice to the school district's right to file preliminary objections thereto.