121 Pa. Commonwealth Ct. 549 (1988)
551 A.2d 358
Kathleen Knudsen, Administratrix of the Estate of David E. Knudsen, Deceased, Appellant
v.
Delaware County Regional Water Quality Control Authority, Appellee.
No. 67 T.D. 1987.
Commonwealth Court of Pennsylvania.
Argued June 14, 1988.
December 8, 1988.
Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.
Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle, for appellant.
*550 George J. McConchie, Cramp, D'Iorio, McConchie & Forbes, P.C., for appellee.
OPINION BY SENIOR JUDGE NARICK, December 8, 1988:
Kathleen Knudsen, as Administratrix of the Estate of David E. Knudsen (Appellant), appeals from an order of the Court of Common Pleas of Delaware County denying her motion for delay damages. This is Appellant's third appeal to Commonwealth Court. She originally appealed the dismissal of the Chester-Upland School District as an additional defendant. This Court upheld the dismissal in Knudsen v. Delaware County Regional Water Quality Control Authority, 84 Pa. Commonwealth Ct. 36, 478 A.2d 533 (1984). (Knudsen I). In 1985, Appellant appealed from an order denying her delay damages on the basis of Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043, which prohibits the accrual of prejudgment interest against a local agency. This Court reversed and remanded in Knudsen v. Delaware County Regional Water Quality Control Authority, 105 Pa. Commonwealth Ct. 409, 524 A.2d 1036 (1987) (Knudsen II), instructing the trial court to reconsider its decision in light of our Supreme Court's decision in Craig v. Magee Memorial Rehabilitation Center, 512 Pa. 60, 515 A.2d 1350 (1986).
On remand, the trial court found, on the basis of stipulated facts, that the Delaware County Regional Water Quality Control Authority (DELCORA) was not responsible for any delay in the proceedings and it denied delay damages under Pa. R.C.P. No. 238 (Rule 238). Automatic operation of that rule was suspended by our Supreme Court in Craig, which directed trial courts to make a factual inquiry as to which party was responsible for any delays in bringing the case to trial. *551 Specifically, the trial court summarized the relevant chronology as follows:
12/2/81  date of the accident
7/20/82  complaint is filed
11/5/82  Delcora makes a written offer to settle the case for $250,000.00.
11/9/82  [Appellant] rejects Delcora's offer of $250,000.00 and submits a settlement demand of $1,000,000.00.
1/83 to 7/84  The case is on appeal to Commonwealth Court as to an additional defendant.
12/19/83  An oral offer of structured settlement costing $429,684.00 was tendered. Delcora's contribution to that offer was to have been $350,000.00.
1/4/84  The structured settlement offer was rejected. [Appellant] offered to settle with Delcora for $500,000.00 plus $1,500.00 per month for 20 years. [Appellant], at that time, expressed her unwillingness to settle with either the Borough or the School District.
2/15/85  A written offer of $500,000.00 was made to [Appellant]. Delcora's contribution would have been [$]350,000.00.
4/9/85  The settlement offer of $500,000.00 was rejected and a demand made of $1,000,000.00. . . .
9/19/85  At a settlement conference before Judge ROBERT F. KELLY an offer of $600,000.00 was made ($450,000.00 of which was to have been contributed by Delcora). This offer was rejected and the attorney for [Appellant] indicated that he would recommend a settlement of $750,000.00 but that he had no assurance that the child's parents would follow his recommendation.

*552 10/3/85  [The case went to jury trial on 9/30/ 85, resulting in] [t]otal verdicts of $430,000.00 against Delcora and its employee only.
Appellant raises two issues for our consideration. The first is that DELCORA did not preserve its right to object to the imposition of delay damages. That precise issue was already addressed in Knudsen II, wherein this Court decided that DELCORA had preserved the issue, prompting our remand for the application of the criteria enumerated in Craig. We see no reason to disturb our prior reasoning and decline to reconsider this issue.
Appellant argues secondly that she is entitled to delay damages under Craig. Her argument on this point is two-fold. She contends that the trial court improperly considered the failure to settle the case as a relevant factor in determining that she was responsible for the delay. Because the failure to settle is irrelevant under Craig, Appellant asserts, she cannot be responsible for the delay and is therefore entitled to delay damages under the Rule 238 formula.[1]
In Craig, the Supreme Court discussed the inequity of Rule 238's presumption that a defendant is always responsible for delays in bringing a case to trial. It therefore suspended automatic operation of the rule and directed that the following factors be considered in determining a plaintiff's entitlement to delay damages: "the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors." Craig at 66, 515 A.2d at 1353.
None of the specific factors mentioned in Craig were at issue on remand in this case. Rather, the sole issue *553 which the trial court considered was which party was at fault in failing to make reasonable efforts to settle the case. The trial court found that DELCORA was not, in that it had initiated all of the settlement discussions and had continually increased its offer. The court found that Appellant, on the other hand, "never indicated a real interest in a negotiated settlement but preferred to submit the matter to a jury." Trial court opinion at 3. The trial court obviously recognized the purposes of Rule 238 as expressed by the Craig Court  to clear dockets cluttered by unreasonable refusals to pay, to penalize those profiting by a refusal to pay and to compensate for the loss caused by an unreasonable refusal to correct a tortious injury. It determined that it would be unjust to penalize DELCORA by imposing delay damages when it was the only party initiating attempts to "bring about a reasonable and early conclusion of this litigation." Trial court opinion at 3.
Although the Craig opinion addresses delays by both parties, its focus is upon the actions of a defendant in relation to the purposes of Rule 238. Where it is determined that the defendant has acted to delay the proceedings, the assessment of delay damages is appropriate. Conversely, where a defendant is not found to be the cause of any delays, the purposes of Rule 238 are not served and delay damages are inappropriate.
Appellant argues, on the basis of an internal memorandum reflecting discussions between DELCORA's counsel and various insurance carriers, that DELCORA unreasonably delayed settlement by not offering the full amount ($500,000.00) agreed to by the insurance carriers for DELCORA and the two additional defendants. DELCORA vigorously disputes both that this memorandum is a part of the record on appeal and the conclusions which Appellant draws from it. Even if we were to accept Appellant's assertion that DELCORA *554 withheld any authorized amount, there is no indication that Appellant would have accepted a combined offer of $500,000.00 from the three defendants. Appellant had demanded $1,000,000.00 and there is ample support for the trial court's finding that she was not willing to seriously negotiate.[2]
The import of Craig was to require a factual inquiry into the circumstances responsible for a delay in bringing about a swift conclusion to litigation. Where a defendant is found to be without fault, Craig directs that delay damages are not to be added to a plaintiff's award. Here the trial court made such a factual inquiry and determined that Appellant, and not DELCORA, was the party responsible for any delay in these proceedings. From our review of the record, there is ample support for this conclusion. We will, accordingly, affirm the trial court's order.[3]

*555 ORDER
AND NOW, this 8th day of December, 1988, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.
Judge MacPHAIL did not participate in the decision in this case.
NOTES
[1] See Pa. R.C.P. No. 238(e).
[2] At no point did Appellant express a willingness to settle for less than $750,000.00, the amount her counsel agreed to "recommend" following the pre-trial conference. In addition, when she rejected the structured settlement offer on January 4, 1984, she indicated that she would not consider a settlement with the two additional defendants. Her separate settlement demand to DELCORA was $500,000.00 plus $1,500.00 per month guaranteed for 20 years. When the three defendants subsequently offered $500,000.00, Appellant rejected that offer and reiterated her initial $1,000,000.00 demand.

While DELCORA argues that Appellant's settlement demands were unreasonable in light of the $500,000.00 statutory cap on its liability found in 42 Pa. C. S. §8553(b), the trial court did not consider this factor in its determination that Appellant failed to exhibit a serious interest in negotiating a settlement. In light of our conclusion that the stipulated facts support the trial court's ultimate conclusion, we find it unnecessary to address this argument.
[3] On November 7, 1988, our Supreme Court promulgated a new Rule 238. That order, amending the Rules of Civil Procedure, provides that the new Rule shall be effective immediately. However, subsection (f), obviously anticipating that numerous actions have been proceeding under the Craig criteria, provides: "This rule shall apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined." (Emphasis added). The Explanatory Comment to the Rule makes it clear that the new Rule is not intended to apply under the circumstances of the instant case:

The purpose of [subdivision (f)] is to indicate that the rule applies to pending as well as future actions but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the Craig case. Once damages have been determined under Craig, those proceedings are final and are not to be reopened under this rule.
(Emphasis added.)