620 A.2d 1103

**Penny Sue CONNER, Appellant,**

**v.**

**Keith Alan MUNSEY and Commonwealth of Pennsylvania, Department of Transportation, Appellee.**

**Lorraine GENTILE, Administratrix of the Estate of Salvatore J. Gentile, Deceased, Appellant,**

**v.**

**Keith Alan MUNSEY and Commonwealth of Pennsylvania, Department of Transportation, Appellees.**

Supreme Court of Pennsylvania.

Submitted March 4, 1991.

Decided Feb. 17, 1993.

144

Thomas A. Berret, Ronald L. Hicks, Jr., Meyer, Unkovic & Scott, Pittsburgh, for appellant Peggy Sue Conner.

Raymond Seals, Pittsburgh, for appellant Lorraine Gentile, Adx.

John W. Jordan, IV, Grigsby, Gaca & Davies, P.C., Arthur R. Gorr, Gorr, Dell & Loughney, Pittsburgh, for Keith Alan Munsey.

Frank J. Micale, Sr. Deputy Atty. Gen., Ernest D. Preate, Jr., Atty. Gen., Mark E. Garber, Chief, Tort Litigation Div., Office of Atty. Gen., Pittsburgh, for Com., Dept. of Transp.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ

## OPINION OF THE COURT

PAPADAKOS, Justice.

This matter comes to us by allowance of appeal from an order of the Commonwealth Court reversing the entry of an award of delay damages which had been entered against the Commonwealth. 122 Pa.Cmwlth. 475, 553 A.2d 94. The facts giving rise to the underlying causes of action are as follows.

In 1983, Keith Munsey's van was being driven north on Route 28 in Shaler Township when his vehicle crossed the center line of the highway and struck another vehicle which was being driven in the opposite direction by Salvatore Gentile; Mr. Gentile was killed in the accident. The Munsey vehicle also collided with a vehicle being driven in the opposite direction by Joseph Ariondo; this second collision resulted in injuries to Ariondo and his passenger, Penny Sue Conner.

Separate suits were instituted in Allegheny County against Munsey and the Pennsylvania Department of Transportation by Ariondo, Conner, and the estate of Gentile. Plaintiffs allege that Munsey was negligent in the operation of his vehicle, and that the Pennsylvania Department of Transportation was negligent in its failure to construct medial barriers.

Following a consolidated jury trial, verdicts were returned in favor of the Estate of Gentile in the amount of $1,110,000.00 in the survival action, and $800,000.00 in the wrongful death action. Joseph Ariondo was awarded $200,000.00 for his injuries; and a verdict in favor of Ms. Conner in the amount of $950,000.00 was returned as compensatory damages for her injuries. In each instance, the jury attributed 65% of the negligence to Munsey and 35% to the Department.

Following post-trial motions, the trial court molded the respective verdicts entered against the Commonwealth in conformance with the statutory cap.[1] Thus, the verdicts in favor of the Estate of Gentile were reduced to $250,000.00 for the wrongful death action and $250,000.00 for the survival action. The verdict in favor of Conner was also reduced to $250,000.00.

Upon petitions, the trial court assessed delay damages against the Department in favor of the Estate of Gentile in the amount of $26,232.82 on each of the Estate's verdicts, and assessed delay damages against the Department in favor of Ms. Conner in the amount of $51,957.50. In neither instance did the judge assess delay damages against Munsey. Judgments were thereupon entered against the Commonwealth based on the molded amounts, plus delay damages.[2]

Appeals were filed to the Commonwealth Court by all parties. The Department argued that the trial court erred in excluding evidence regarding the economic limitations which prevented it from erecting a medial barrier; in allowing evidence of similar accidents at the same location; and in finding it to be a joint tortfeasor with Munsey. Conner and the Estate of Gentile (Appellants) argued that delay damages should have been assessed against Munsey.

Thereafter, while the case was pending on appeal, the trial court entered an order, *sua sponte*, vacating the previously

1. 42 Pa.C.S. § 8528, Act of October 5, P.L. 693, No. 142, § 221(1).

2. The issue which this Court addressed in *Timothy Woods v. Commonwealth of Pennsylvania, Department of Transportation*, 531 Pa. 295, 612 A.2d 970 (1992), *i.e.*, whether delay damages are to be applied to the verdict or the statutory cap, is not present in this case.

assessed delay damages against the Department. Plaintiffs then appealed this ruling. On appeal, the Commonwealth Court vacated this on the basis that the trial court had no jurisdiction to rule on the delay damage issue once the matter had been appealed.[3]

The Commonwealth Court, in addressing the issues raised by the Department, held: first, that "new" Rule 238, as amended and promulgated November 7, 1988, was inapplicable to the contested verdicts because the delay damages had been determined prior to the effective date of that rule;[4] and second, that delay damages were inapplicable here because neither side was responsible for the delay of trial. The latter holding was based on the Commonwealth Court's interpretation of our decision in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), which the court held was applicable since, according to their reasoning, amended Rule 238 did not apply. The Commonwealth Court also agreed with the trial court that no delay damages should be assessed against Munsey.

Appellants (plaintiffs below) sought allowance of appeal; we granted their petition and cross-petition limited to the propriety of the Commonwealth Court's reversal of the delay damages assessments entered against the Department.

In this appeal, Appellants first argue that the Department's substantive issues were waived due to its failure to preserve the respective delay damages issues; and therefore, the Commonwealth Court should not have addressed them.

This waiver argument is based on the unusual procedural history of this case, which we reiterate here. Following trial, the court assessed delay damages against the Department in favor of Connor and the Estate of Gentile. Appeals were filed by all parties. While the case was pending on appeal, the trial court, sua sponte, vacated the awarded delay damages against

3. That ruling is not at issue in this appeal.

4. The Commonwealth Court relied upon its decision in *Knudsen v. Delaware County Regional Water Quality Control Authority*, 121 Pa.Commonwealth Ct. 549, 551 A.2d 358 (1988).

the Department. Appellants then appealed this ruling. At the time of briefing, the Commonwealth filed a consolidated brief in which it labeled itself appellant in the first part (i.e., that part challenging the verdicts) and appellee in the second part (i.e., that part seeking to support the trial judge's decision to vacate the delay damages assessments).

The Appellants argue that the Department's failure to raise the issue in its posture as appellant should have precluded the Commonwealth Court from addressing the issue.

The record is clear that the Department had challenged in its original appeal the trial court's order awarding delay damages to Appellants. However, once the trial court vacated its previously entered delay damages assessments, the Commonwealth's appeal on this issue became moot. However, when the Appellants appealed this order, the Department briefed the issue in response to those appeals. Given this procedural history, and because the Department did address the delay damage issue in response to the sequence of the trial court's orders, the mere categorization of the Department's argument as being that of the "appellee" is not dispositive; and the Commonwealth Court correctly overlooked this technicality in the interest of justice. See Pa.R.A.P. 105(a).

The Appellants next argue that damages should have been assessed by the Commonwealth Court against the Department pursuant to amended Rule 238, rather than under this Court's decision in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), since the matter was on appeal as of the effective date of the amended Rule.

In *Craig*, this Court held that Rule 238, as then constituted, violated the due process rights of defendants in assessing damages without inquiry to fault. As a consequence, this Court directed "that those mandatory provisions of Rule 238 which assess delay damages against defendants without regard to fault are suspended as of this date for all cases now pending in the courts of this Commonwealth, and for any cases instituted thereafter." *Craig* at 65, 515 A.2d at 1353.

The *Craig* decision was filed on October 8, 1986. On November 7, 1988, Rule 238 was amended to address the issues raised by the Court in *Craig.* During the period between the filing of the Craig decision and the promulgation of the amended rule, the verdicts of the jury in these cases were reduced to judgment.

Amended Rule 238 provides a new formula for the computation of delay damages and further provides that delay damages should not accrue for any period "during which the plaintiff caused delay of the trial." Pa.R.C.P. 238(b)(2). Additionally, the amended Rule provides that it should "apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined." Pa. R.C.P. 238(f). It is this latter provision which is at issue here.

The question which must now be resolved is what we intended by the use of the phrase "have not been determined." It is Appellants' contention that this phrase means not *finally* determined, i.e., after the exhaustion of all possible appeals; whereas, it is Appellee's position and the view of the Commonwealth Court that the determination by the trial court on the delay damage petition was what we intended.

In *Ceresini v. Valley View Trailer Park,* 380 Pa. Superior Ct. 416, 552 A.2d 258 (1988), the Superior Court considered this question, and interpreted the phrase "have not been determined" as meaning have not been determined after the exhaustion of all appeals. In arriving at this conclusion, the Superior Court relied upon Rule 52 of the Rules of Civil Procedure, which provides in pertinent part:

(c) Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.

Pa.R.C.P. 52(c).

The Superior Court went on to reason:

The Supreme Court has not directed otherwise and new Rule 238 applies to actions pending before us on the effective date of the Rule. A reading of *Craig v. Magee Memorial Rehabilitation Center, supra,* reveals the intent of the

Supreme Court that its decision (involving Rule 238) should apply to cases "pending in the courts of this Commonwealth" where the issue of the delay damage aspect of the damage award has been preserved. Since we must assume that the new Rule 238 is simply the embodiment of the changes contemplated by our Supreme Court in *Craig* we see no reason why the scope of its effectiveness should be different from that enunciated in *Craig*.

In *Knudsen v. Delaware County Regional Water Quality Control Authority*, 121 Pa. Commonwealth Ct. 549, 551 A.2d 358 (1988), the Commonwealth Court held, inter alia, that it was the determination of damages made by the trial court that the Supreme Court intended in amended Rule 238. The Commonwealth Court based its holding upon the explanatory comment to the amended rule which provides as follows:

The purpose of [subdivision (f) ] is to indicate that the rule applies to pending as well as future actions *but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the Craig case.* Once damages have been determined under *Craig,* those proceedings are final and are not to be re-opened under this rule.

Comment Pa.R.C.P. 238 (emphasis added).

The Superior Court correctly interpreted our intent. New Rule 238 was intended by this Court to carry out the principles enunciated in *Craig* and is to be applied to all cases still pending on appeal as of November 7, 1988, the date of the new Rule's adoption.

Consequently, the order of the Commonwealth Court is reversed and the case is remanded to the Commonwealth Court for further proceedings not inconsistent with this opinion.