# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roland Stock, LLC and　　　　　　　　:
Edwin L. Stock,　　　　　　　　　　:
　　　　　　　　Appellants　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　: No. 1412 C.D. 2016
　　　　　　　　　　　　　　　　　:
Housing Authority of the　　　　　　:
County of Berks　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
Roland Stock, LLC and　　　　　　　　:
Edwin L. Stock　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　: No. 1719 C.D. 2016
　　　　　　　　　　　　　　　　　: Argued:  June 8, 2017
Housing Authority of the　　　　　　:
County of Berks,　　　　　　　　　:
　　　　　　　　Appellant　　　　:


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　HONORABLE JULIA K. HEARTHWAY, Judge
　　　　　　HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**　　　　　　　　**FILED: July 10, 2017**


　　　Procedural missteps have resulted in there being before us two appeals of two different orders which were issued by the Court of Common Pleas of Berks County (common pleas).  The first order, issued July 18, 2016 (July Order), found that Roland Stock, LLC and Edwin L. Stock (together, Law Firm) did not have

standing to bring an appeal of a bid protest denial. The second order, issued on September 23, 2016 (September Order), after Law Firm had filed its appeal of the July Order, vacated the July Order. The Housing Authority of Berks County (Authority) has filed an appeal of the September Order.

The facts as relevant to the questions before the Court are not in dispute. In response to a request for proposals, Law Firm submitted a proposal to become the solicitor for Authority. When another law firm was chosen, Law Firm filed a bid protest with Authority, which Authority denied. Law Firm requested an administrative appeal of that denial, which Authority also denied. Law Firm then filed an appeal with common pleas. Authority filed a preliminary objection in the nature of a demurrer asserting Law Firm did not aver that Authority "acted in bad faith, fraud, capricious action, or abuse of power," the standard necessary to allow the court to review the award of the contract. Common pleas overruled the demurrer by order dated June 10, 2016. Authority filed an Answer and New Matter to Law Firm's appeal, to which Law Firm filed an Answer. On July 18, 2016, common pleas *sua sponte* issued an Order and Opinion denying Law Firm's appeal and sustaining the award of the contract (July Order).[1] In its opinion, common pleas held Law Firm lacked standing to file the bid protest.

Law Firm appealed the July Order and filed, at common pleas' direction, a Concise Statement of Errors Complained of on Appeal (Law Firm's Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b).[2] In Law Firm's Statement, it asserted, in relevant part, that there

---

[1] The opinion and order was docketed on July 20, 2016.
[2] Rule 1925(b) authorizes the judge who entered the order being appealed to "direct[] the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Pa. R.A.P. 1925(b).

was no motion or application pending when common pleas dismissed its appeal that would have procedurally allowed the court to dismiss the appeal.[3]  In response, common pleas issued the September Order, vacating the July Order and directing the parties to proceed with further pleading and discovery.

Authority appealed the September Order and filed a Rule 1925(b) Statement (Authority's Statement) at common pleas' direction.  Authority asserted common pleas erred in issuing the September Order because, *inter alia*:  it modified the final July Order more than 30 days after its entry; and it should not have vacated the July Order without explaining why the July Order was incorrect, which it was not. Common pleas filed an opinion pursuant to Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a)(1).[4]  Common pleas explained that it had "made a final decision in the case before the parties had conducted any discovery because this court mistakenly had believed that the appeal was before it for a final decision . . . .  To save time and in the interest of judicial economy, it immediately vacated its decision . . . ."  (Common Pleas Op., Dec. 5, 2016, at 2.) The two appeals were consolidated by this Court on December 19, 2016.[5]  On appeal,[6] the parties reiterate the arguments made in their respective Statements regarding the validity of the July Order and September Order.

---

[3] Law Firm also asserted that *sua sponte* dismissal without the creation of an evidentiary record was error under the Local Agency Law (Law).  2 Pa. C.S. §§ 551-555, 751-754.

[4] Rule 1925(a)(1) states, in pertinent part that "the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order."  Pa. R.A.P. 1925(a)(1).

[5] Law Firm's appeal is docketed at No. 1412 C.D. 2016, and the Authority's appeal is docketed at No. 1719 C.D. 2016.

[6] "Our scope of review of a trial court's decision is limited to determining whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law."  *Grosso v. Love*, 667 A.2d 43, 44 n.1 (Pa. Cmwlth. 1995).  Whether **(Footnote continued on next page…)**

3

The September Order was entered more than 30 days after common pleas entered the July Order[7] and after Law Firm had filed its appeal to this Court from the July Order.  Because Law Firm had filed its appeal to this Court, Rule 1701 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1701,[8] governs

---

**(continued…)**

common pleas had the authority to issue the September Order "is a question of law as to which the standard of review is *de novo* and the scope of review is plenary." *Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1169 n.1 (Pa. Cmwlth. 2015); *Commonwealth v. Calloway*, 675 A.2d 743, 746 (Pa. Super. 1996).

[7] Section 5505 of the Judicial Code states, in relevant part, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, . . . **if no appeal from such order has been taken or allowed**." 42 Pa. C.S. § 5505 (emphasis added).

[8] Rule 1701 provides, in relevant part:

> **(a) General rule.**  Except as otherwise prescribed by these rules, after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter.

> **(b) Authority of a trial court . . . .**  After an appeal is taken . . . the trial court . . . may:

>> (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>> . . . .
>> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

>>> (i) an application for reconsideration of the order is filed in the trial court . . . within the time provided or prescribed by law; and

>>> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court . . . within the time prescribed by these rules for the filing of a notice of appeal . . . with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

**(Footnote continued on next page…)**

common pleas' ability to modify the July Order. *See* 1 G. Ronald Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice § 1701:6 (West 2016). Pursuant to this rule, once a common pleas court enters a final order and an appeal is filed, it cannot subsequently vacate that order as common pleas did here. *Ariondo v. Munsey*, 553 A.2d 94, 101 (Pa. Cmwlth. 1989), *rev'd and remanded on other grounds sub. nom.*, *Connor v. Munsey*, 620 A.2d 1103, 1104-05 (Pa. 1993).

At the filing of Law Firm's appeal, common pleas lost jurisdiction to modify the July Order based on Rule 1701(a). Although Rule 1701(b)(1) authorizes some exceptions to this general rule, the September Order did not correct formal errors in the papers, preserve the status quo, or otherwise qualify as a permissible order under the other exceptions. The September Order was a substantive order that vacated the July Order and, therefore, does not fall within Rule 1701(b)(1). *Pellizzeri v. Bureau of Prof. & Occupational Affairs*, 856 A.2d 297, 302 (Pa. Cmwlth. 2004); *Pa. Indus. Energy Coal. v. Pa. Pub. Util. Comm'n*, 653 A.2d 1336, 1344-1345 (Pa. Cmwlth. 1995), *aff'd*, 670 A.2d 1152 (Pa. 1996) (per curiam) (affirming based on this Court's opinion). Because Law Firm had not filed a request for reconsideration and the September Order was not an express grant of reconsideration within the appeal period, Rule 1701(b)(3) is also inapplicable. *See Pa. Indus. Energy Coal.*, 653 A.2d at 1346 (holding that because the Public Utility Commission made substantive changes to its initial order without expressly

---

**(continued…)**

   A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order. . . .

Pa. R.A.P. 1701(a), (b)(1), (b)(3).

5

granting reconsideration within the appeal period, it did not have the authority under Rule 1701(b)(3) to issue subsequent order); Pa. R.A.P. 1701(b)(3). The September Order is therefore null and void, and the Authority's appeal therefrom is quashed.

Common pleas concluded it had entered the July Order mistakenly and intended through the September Order, to allow Law Firm's appeal to proceed. We will accept common pleas' decision to proceed with the appeal and, accordingly, vacate the July Order and remand the matter to common pleas for further proceedings.[9]

**RENÉE COHN JUBELIRER,** Judge

---

[9] Law Firm also reasserts its argument that *sua sponte* dismissal without the creation of an evidentiary record was error under the Law. However, due to our disposition, we will not address this issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roland Stock, LLC and       :
Edwin L. Stock,               :
              Appellants     :
                               :
           v.                  :    No. 1412 C.D. 2016
                               :
Housing Authority of the      :
County of Berks           :
                               :
Roland Stock, LLC and       :
Edwin L. Stock             :
                               :
           v.                  :    No. 1719 C.D. 2016
                               :
Housing Authority of the      :
County of Berks,         :
              Appellant      :

# O R D E R

      **NOW**, July 10, 2017, the appeal filed by Housing Authority of the County of Berks from the September 23, 2016 Order of the Court of Common Pleas of Berks County (common pleas), docketed at No. 1719 C.D. 2016, is hereby **QUASHED**. Common pleas' July 18, 2016 Order, at issue in the appeal docketed at No. 1412 C.D. 2016, is hereby **VACATED**, and this matter is **REMANDED** to common pleas for further proceedings.

      Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge