Clark A. Merling, Jr. and Marilyn L. Merling, his wife *v.* Commonwealth of Pennsylvania, Department of Transportation et al. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

122

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Frank J. Micale,* Deputy Attorney General, with him *Herbert L. Olivieri,* Chief, Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

Jay Harris Feldstein, Feldstein, Grinberg, Stein & McKee, for appellees.

Neil J. Rovner, for Amicus Curiae, Pennsylvania Trial Lawyers Association.

OPINION BY JUDGE ROGERS, December 15, 1983:

The Pennsylvania Department of Transportation (DOT) appeals from a judgment in the amount of $111,205.14 entered against it and in favor of Clark Merling, Jr., in the Court of Common Pleas of Allegheny County in Merling's suit for personal injuries suffered in an automobile accident on a state highway.

Mr. Merling was injured when, in attempting to avoid colliding with a disabled truck blocking his lane of travel,[1] he drove his vehicle onto the berm of the road. The berm gave way and Merling's vehicle tumbled into a ditch.

Merling's contention at trial was that DOT was negligent in the matter of the maintenance and repair of the state highway, because the truck which blocked the highway had been disabled in an encounter with a pothole, the berm onto which he drove was unstable and the guardrails at the roadside were in a state of collapse. The jury returned a verdict against DOT in the amount of $150,000 which the court reduced to $90,000 because the jury found that Merling was contributorily negligent to the extent of 40 percent. The court awarded Merling delay damages pursuant to Pa. R.C.P. No. 238 in the amount of $18,320.55. DOT's motion for a new trial and judgment n.o.v. were overruled, the judgment was entered and this appeal followed.

---

[1] The operator of the disabled truck was joined as additional defendant. The jury returned a verdict in favor of the truck driver.

The Commonwealth of Pennsylvania is responsible for the maintenance and repair of all roads and highways under its jurisdiction. Section 407 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-407; Section 2002 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §512. By Section 8522 (b)(5) of the Judicial Code, 42 Pa. C. S. §8522(b)(5), the Commonwealth has waived the defense of sovereign immunity with respect to:

> (5) Potholes and other dangerous conditions.— A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . .

DOT points to four instances of alleged error in the trial which it asserts requires that the judgment should be reversed.

DOT first contends that the trial judge committed reversible error by overruling DOT's motion that Merling's lay evidence as to the condition of the berm and guardrails be excluded because the matter of the proper maintenance of the berm and guardrails was one beyond the knowledge and competence of the jurors as lay persons to determine and that expert engineering evidence was required. This contention is unavailing. Matters within a lay person's every-

day experience are not required to be explained by expert testimony. "If all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience and observation, then there is no need for the testimony of an expert." *Reardon v. Meehan,* 424 Pa. 460, 465, 227 A.2d 667, 670 (1967). Merling's lay witnesses testified to their observations of the highway's condition at the time of the accident. There was testimony that, in the words of one witness, "the berm of the road was just all wore away, and that guardrails are practically all hanging down." Photographs of the accident site were introduced into evidence, described in the testimony as showing "the guardrails laying down, the berm which is deteriorated ... just fallen away." Worn shoulders and collapsed guardrails are not strangers to users of the public roads and jurors are perfectly capable of drawing conclusions from such conditions.

DOT next complains of the trial judge's exclusion of evidence concerning, and the trial judge's refusal to charge on the subject of, DOT's budgetary limitations and maintenance priorities. These subjects, it says, were relevant to the subject of whether DOT had failed in its duty to take measures to protect against the dangerous conditions of the state highway involved in this case. We are provided with no authority for this thesis. It seems to be quite fallacious.

The fact that the Commonwealth in the statute waiving its immunity places a limitation on the amount of damages recoverable against it (42 Pa. C. S. §8528 (b)), belies DOT's contention that there should be an additional limitation on the amount of damages re-

coverable based on the inadequacy of DOT's funding to make all of the needed highway repairs.

DOT's third assignment of error concerns the trial court's jury instruction to the effect that an inference adverse to DOT might be drawn from DOT's failure to call certain witnesses. By 42 Pa. C. S. §8522(b)(5), Merling was required to show that "the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . ." Merling's evidence of prior notice consisted of a witness's testimony that she had twice written to DOT regarding the poor condition of the highway in question and had received three letters from DOT engineers acknowledging receipt of her complaints. DOT failed to produce the writers of the responses at trial, and the trial judge instructed the jury that it might draw the inference that the testimony of these witnesses would have been unfavorable.

The general rule regarding the unfavorable inference which may be drawn for the failure to produce evidence is:

> Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law.

*Wills v. Hardcastle,* 19 Pa. Superior Ct. 525, 529 (1902).

DOT contends that Merling had equal access to its employees so that the rule was inappropriately invoked. We disagree. The rule is not that the inference may not be drawn where the parties have

equal access to the evidence but that it may not be drawn where there is equal access *and* there is no reason why one rather than the other party should offer it.[2] *See Moseley v. Reading Co.*, 295 Pa. 342, 349, 145 A. 293, 295 (1929). Merling had met his burden of proving notice by producing letters written by DOT employees acknowledging having received written complaints concerning the poor condition of the highway. There was no reason why Merling should have produced the DOT engineers who wrote the letters; but it was clearly in DOT's interest to produce them if they could help its case.

Furthermore, after DOT objected to the instruction as first made, the judge instructed the jury that it need not draw an inference because the engineers' letters spoke for themselves, thus diluting if not dissipating the earlier instruction. Finally, in this regard, the fact that DOT was indeed given notice was not a disputed issue after the letters from DOT's engineers were produced.

DOT also challenges the trial court's award of delay damages pursuant to Pa. R.C.P. No. 238. It argues that damage for delay is a separate, distinct and substantive item of damage and as such may not be recovered from the Commonwealth because the Legislature has limited the Commonwealth's liability to damages for (1) past and future loss of earnings

---

[2] The same rule is expressed in fuller terms in *General Electric Credit Corp. v. Aetna Casualty and Surety Co.*, 437 Pa. 463, 477 n. 18, 263 A.2d 448, 456 n. 18 (1979), as follows:

It is generally agreed that when a potential witness is available and appears to have special information relevant to the case, so that his testimony would not merely be cumulative, and where his relationship with one of the parties is such that the witness would ordinarily be expected to favor him, then if such party does not produce his testimony, the inference arises that it would have been unfavorable.

and earnings capacity; (2) pain and suffering; (3) certain medical and dental expenses; (4) loss of consortium; and (5) certain property losses. 42 Pa. C. S. §8528(c). This argument fails because the Pennsylvania Supreme Court has held that Pa. R.C.P. No. 238, having as its purpose the alleviation of delay in the disposition of cases, is essentially procedural in nature, not substantive. *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981).

Judgment affirmed.

### ORDER

AND Now, this 15th day of December, 1983, the judgment appealed from, entered October 21, 1982, is affirmed.