506 A.2d 522

Scott M. Shoyer and Jan R. Shoyer *v.* City of Philadelphia and Fairmount Park Commission and Conrail and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued December 13, 1984, before Judges MACPHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three. Reargued November 13, 1985, before Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY, COLINS, and PALLADINO.

*Gary Stewart Seflin,* with him, *James R. Ingram,* Deputy Attorney General, for appellant.

*Eugene A. Spector,* with him, *Bernard M. Gross, Gross & Sklar, P.C.,* for appellees.

*Bradford H. Charles, Davis, Katz, Buzgon, Davis & Reed, Ltd.,* for Amicus Curiae, Pennsylvania Trial Lawyers Association.

OPINION BY JUDGE BARRY, March 20, 1986:

This interlocutory appeal by permission is from an order of the Court of Common Pleas of Philadelphia granting a request by plaintiffs Scott M. Shoyer and Jan R. Shoyer to compel additional defendant, the Commonwealth of Pennsylvania, Department of Transportation (DOT) to produce certain documents during the discovery phase of this lawsuit.

Scott M. Shoyer was seriously injured in an auto accident on East River Drive, under the Columbia Rail-

way Bridge, in Philadelphia on December 7, 1980. Plaintiffs filed a trespass action, naming as defendants the City of Philadelphia, the Fairmount Park Commission and the Consolidated Rail Corporation. The city joined DOT as an additional defendant.

During the course of discovery, plaintiffs sought the following from DOT:

1. All accident reports, all Philadelphia Police Department and Commonwealth reports concerning accidents occurring at East River Drive and the Columbia Bridge from 1975 to April, 1982;

2. A description of the Slippery Pavement Program;

3. All PennDot records, correspondence and memoranda concerning accidents on the East River Drive at the Columbia Bridge L.R. 67292, Station 101 to Station 115 from 1975 to April, 1982;

4. Any 'Priority Cluster List' and 'Curve Accident List' for the period 1975 to April, 1982, including all manuals or guidelines used in preparing same; and

5. All records, reports, and memoranda, in any form, pertaining to the 'Safety Improvement Program — Highway Accident Field Review' for the location of East River Drive at the Columbia Bridge for the period 1974 to April, 1982. (Schedule of Documents attached to Notice of Deposition of C. Denney).

DOT responded and stated it would produce none of the documents, citing 75 Pa. C. S. §3754, which provides:

(a) General rule.—The Department, in association with the Pennsylvania State Police, may conduct in-depth accident investigations into the

human, vehicle and environmental aspects of traffic accidents for the purpose of determining the causes of traffic accidents and factors which may help prevent similar types of accidents.

(b) Confidentiality of reports.—Information, records and reports associated with in-depth accident investigations *shall not be admissible as evidence* in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required *to give evidence* pertaining to anything contained in such in-depth accident investigation records or reports in any legal action or other proceeding.

Following oral argument, the trial court ordered DOT to produce the documents. The trial court then refused DOT's Request for certification pursuant to 42 Pa. C. S. §702(b). On June 10, 1983, this Court allowed DOT's interlocutory appeal pursuant to the provisions contained in the note to Pa. R.A.P. 1311.

DOT asserts that Section 3754(b) prevents discovery of the aforementioned documents, claiming all are reports of "in-depth accident investigations." The trial court ruled that none of the documents fell into this category. We need not decide, however, whether these documents were associated with "in-depth accident investigations," as we believe for the reasons that follow that Section 3754(b) does not prohibit *discovery* of such documents.

We believe it is important to note what is not involved in this case. The plaintiffs-appellees are not seeking evidence from any officers or employees or agencies charged with procuring or keeping these reports *pertaining* to these reports; they are seeking the

reports themselves. The second portion of Section 3754(b) is of no moment in the present controversy.

We are therefore required to interpret that portion of Section 3754(b) which provides, "Information, records and reports associated with in-depth accident investigations shall not be *admissible as evidence* in any legal action or other proceeding...." (emphasis added). A reading of Section 3754(b) leads to the conclusion that the legislature intended that any reports associated with in-depth accident investigations be inadmissible as evidence. The argument proffered by DOT equates "admissible as evidence" with "discoverable"; we believe this is wrong. In the fifth edition of Black's Law Dictionary, "admissible evidence" is defined. "As applied to evidence, the term means that the evidence introduced is of such a character that a court or judge is bound to receive it; that is, allows it to be *introduced at trial.*" *Id.* at 44 (emphasis added). We believe that the term "admissible as evidence in any legal action or other legal proceeding" therefore refers to the introduction of the reports before a fact finder that is charged with the ultimate resolution of a suit between opposing parties. We therefore believe Section 3754(b) does not render the information sought in this case non-discoverable since Rule 4003.1 of the Pennsylvania Rules of Civil Procedure specifically provides that, aside from privileged matter, the non-admissibility of information does not prevent discovery of that information if it could lead to the discovery of admissible evidence. As we cannot interpret Section 3754(b) as creating any type of privilege and because the information sought could lead to the discovery of admissible evidence, we believe that Rule 4003.1 applies to this matter.

We also believe that our interpretation of Section 3754(b) is buttressed by the following. Section 3754 was passed in 1976 and became effective July 1, 1977. The

doctrine of sovereign immunity was not abolished by the Pennsylvania Supreme Court until July 14, 1978. *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). This fact alone, in our opinion, undercuts most of the arguments made by DOT concerning the intention of the legislature in enacting Section 3754(b). It seems the statute was enacted to prevent the imposition of liability on individuals when the Commonwealth was immune from suit, so that individuals would cooperate in the in-depth investigation without fear of being liable themselves. If DOT's expansive reading of Section 3754(b) were correct, any fact witnesses to a particular accident would be prevented from testifying at a subsequent trial if the information those witnesses provided ended up in the in-depth accident investigation reports. Such a result would clearly be inconsistent with Act 152, the Act of September 28, 1978, P.L. 788, repealed and reenacted by Sections 8521-22 of the Judicial Code, 42 Pa. C. S. §§8521-22, which was passed in response to *Mayle* and allowed suit against the Commonwealth in certain instances.

We believe all of the information sought by the plaintiffs-appellees is discoverable and therefore affirm the order of the trial court. As Mr. Justice BRANDEIS observed: "Sunlight is said to be the best disinfectant." L. BRANDEIS, *Other People's Money* 62 (1933).

ORDER

NOW, March 20, 1986, the March 16, 1983 order of the Court of Common Pleas of Philadelphia at No. 1324, October Term, 1981, is affirmed.

President Judge CRUMLISH, JR., did not participate in this decision.

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

While the majority states that we need not decide which, if any, of the documents sought by the Shoyers are associated with the "in-depth accident investigations" authorized and, in my opinion, protected by Section 3754, I believe that such a preliminary determination must be made and was erroneously made by the trial court. A review of the record before us discloses that the trial court did not file a separate opinion for the case *sub judice;* rather, it cited its opinion in a companion case identified as *Tronoski v. Pennsylvania Department of Transportation,* 8000-356, (Common Pleas Court, Philadelphia County, Opinion issued March 15, 1983). In the *Tronoski* case, the documents sought by the Plaintiffs were "all tangible records of accidents occurring between straight line diagram station 0 plus 00 ... to S.L.D. Station 50 plus 00 ... occurring in 1978 and 1979." It must be noted that the information sought in *Tronoski* relates to accidents occurring at a very specific location over a very specific period of time. This is not true in the Shoyers' case, particularly with respect to item 5.

I would vacate the trial court's order and remand for the purpose of having that court specifically determine whether any of the items sought by the Shoyers fall within the documents I believe to be protected from discovery by Section 3754.

The majority emphasizes that the Shoyers are not attempting to obtain evidence from persons involved with in-depth accident reports, rather that the Shoyers are only seeking the reports themselves. I do not quarrel with that statement but I believe the reports are just as clearly protected as are the persons who provided the information contained therein.

We are instructed by the legislature that in interpreting their enactments, we are to ascertain and effectuate their intention. Sections 1921 and 1922 of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §§1921, 1922. The purpose of Section 3754 is clearly set forth in subsection (a) as "determining the causes of traffic accidents and factors which may help prevent similar types of accidents." I believe the legislature then contemplated that in order to assure that opinions, observations and measurements would be freely given without fear of involvement in legal *or other* proceedings, it further provided for the confidentiality of those reports. I believe that the words "or other proceeding" have significance and that they were intended to apply to discovery proceedings such as those presently before us.

Section 1922(5) of the Act also instructs us that in ascertaining the legislature's intent, we are to be guided by the principle that the legislature intends to favor the public interest over any private interest. The public interest clearly set forth in Section 3754(a) is the prevention of accidents. The private interest which is the subject of Shoyers' lawsuit is the pursuit of a tort claim.

While sunlight may be the best disinfectant, I fail to see what the disease is in the instant case which will be cured by requiring DOT to furnish reports which were prepared pursuant the specific statutory authority in the belief that their content would be protected from litigants' scrutiny.

Finally, I fail to see where the statutory provisions for suit against the Commonwealth in certain limited matters has any relevance whatever to the issue now before us. Section 3754(b) does not prevent all persons from testifying *because* their statements may be included in an in-depth accident report, but it does preclude the testimony of such persons if it was solely obtained

for and is contained in such reports. In my opinion DOT is performing its statutory duty in refusing to produce for discovery in a tort action their work product in preparing in-depth accident reports.

Judges ROGERS and DOYLE join.