510 A.2d 153

Al Gable, Administrator of the Estate of Theresa Annette Hughes, Deceased *v.* Remington Arms Company, Inc. and Fruehauf Corp. and James Cornett, B. J. McAdams, Inc., David Baldwin and Commonwealth of Pennsylvania—PennDOT. Remington Arms, Inc., Appellant.

Submitted on briefs November 14, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Michael P. Shay, Sigmon & Ross, P.C.,* for appellant.

*Joseph U. Metz,* Deputy Attorney General, with him, *Andrew S. Gordon,* Senior Deputy Attorney General, *Mark E. Garber, Jr.,* Chief, Torts Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellee, Pennsylvania Department of Transportation.

OPINION BY SENIOR JUDGE KALISH, May 12, 1986:

Remington Arms Company, Inc. appeals an order of the Court of Common Pleas of Northampton County, which sustained the objections of the Department of Transportation (DOT) to discovery requests. We reverse.

Theresa Hughes was fatally injured in an automobile accident, which occurred while she was operating a tractor trailer. Al Gable, the administrator of her estate, filed a complaint against Fruehauf Corporation, the manufacturer of the trailer, and Remington Arms Company, which loaded the trailer. Remington Arms filed a complaint joining DOT as an additional defendant. That complaint averred that the accident was the result of DOT's negligent supervision, maintenance and control of a dangerous and hazardous condition existing at a point on the highway where the accident occurred.

At a deposition, a DOT traffic engineer was questioned about certain accident records and reports kept by DOT regarding the area in which the accident occurred. DOT objected to the questioning or discovery of any accident data, records, or accident studies associated with the in-depth accident investigations kept by DOT. The trial court held that section 3754(b) of the Vehicle Code, 75 Pa. C. S. §3754(b), bars discovery of studies and investigations of accidents prepared by DOT, because of the confidential nature of such studies. Pursuant to a petition filed by Remington Arms, the trial court amended its order to certify this matter for an interlocutory appeal.

Section 3754(b) of the Vehicle Code, 75 Pa. C. S. §3754(b), provides, "Information, records and reports associated with in-depth accident investigations shall not be admissible as evidence in any legal action or other proceeding...." In *Shoyer v. City of Philadelphia,* 96 Pa. Commonwealth Ct. 75, 506 A.2d 522 (1986), this court ruled on the question of whether section 3754(b) bars discovery of such documents. There, this court held that section 3754(b), while not allowing the admission of such records into evidence, does not prohibit *discovery* of records and reports associated with in-depth accident investigations.

Accordingly, we must reverse the trial court.

### ORDER

Now, May 12, 1986, the order of the Court of Common Pleas of Northampton County entered at No. 1981-C-3139, dated June 17, 1983, is reversed.