543 A.2d 1251

Linda J. Jawhar *v.* Marcell W. Pytlerz et al. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued March 21, 1988, before Judges BARRY and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Brian H. Baxter*, Senior Deputy Attorney General, with him, *Mark E. Garber*, Chief, Tort Litigation Unit, *LeRoy S. Zimmerman*, Attorney General, for appellant.

*Charles S. Cusick, Jr.*, with him, *Dan P. Wimer, Linda J. Jawhar, Mansell & Jamison*, for appellee.

OPINION BY JUDGE BARRY, June 29, 1988:

This Commonwealth's Department of Transportation (DOT) appeals by our permission an order of the Court of Common Pleas of Lawrence County which ordered

DOT to turn over certain reports to the plaintiff, Linda Jawhar.

The plaintiff was injured in an automobile accident on May 14, 1983. On May 10, 1985, she sued John H. Stoughton, the driver of the car in which she was a passenger, Marcell W. Pytlerz, the driver of the other car involved in the accident and DOT. Following the filing of numerous responsive pleadings by all parties, the plaintiff, on October 30, 1986, served interrogatories upon DOT, requesting, inter alia, certain reports prepared by DOT pursuant to Section 3754 of the Vehicle Code, 75 Pa. C. S. §3754. DOT objected on a number of grounds. The trial court decided that DOT should turn over those reports and ordered DOT to do so pursuant to a July 31, 1987 court order. In that order, the trial judge certified the question as one in need of immediate appellate review. On September 21, 1987, this Court granted permission for an immediate appeal of the trial court's interlocutory order.

At the time this complaint was filed, Section 3754 of the Vehicle Code provided:

(a)  General Rule.—The Department, in association with the Pennsylvania State Police, may conduct in-depth accident investigations into the human, vehicle and environmental aspects of traffic accidents for the purpose of determining the causes of traffic accidents and factors which may help prevent similar types of accidents.

(b)  Confidentiality of reports.—Information, records and reports associated with in-depth accident investigations shall not be admissible as evidence in any legal action or other proceeding, nor shall officers or the employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required to give evidence pertaining to

anything contained in such in-depth accident investigation records or reports in any action or other proceeding.

75 Pa. C. S. §3754.

In *Shoyer v. City of Philadelphia*, 96 Pa. Commonwealth Ct. 75, 506 A.2d 522 (1986), we held that the prohibition against admitting such evidence did not prevent its discovery because such information could lead to the discovery of other admissible evidence. Following the Supreme Court's grant of DOT's petition for allowance of appeal, that Court, on December 4, 1987, dismissed the appeal as having been improvidently granted. *Shoyer v. City of Philadelphia*, 517 Pa. 61, 534 A.2d 758 (1987).

Following our decision in *Shoyer*, the Legislature amended Section 3754 to provide that such information was neither admissible nor discoverable. Act of December 11, 1986, P.L. 1530. This amendment became effective on February 9, 1987.

DOT presents two arguments on this appeal. First, it argues that the Legislature's relatively speedy amendment to Section 3754 evidences that body's original intent. We believe, however, that the courts have the ultimate responsibility to determine legislative intent. In light of our decision in *Shoyer* and the Supreme Court's dismissal of the appeal, this argument must be rejected.

DOT also argues that the amendment to Section 3754 should apply to this litigation, the amendment, according to DOT's argument, being procedural in nature. DOT advances this argument because of the dichotomy between procedural and substantive matters. It argues that procedural changes made by legislation may be applied retroactively while substantive changes may not. Reference to the cases on this subject unfortunately creates as many problems as it solves.

In *Sussman v. Yaffee*, 443 Pa. 12, 15, 275 A.2d 364, (1971), quoting *Kilian v. Allegheny County Dis-*

*tributors, Inc.,* 409 Pa. 344, 350-51, 185 A.2d 517, 520 (1962), the Supreme Court stated, "While substantive rights are settled as of *the time the cause of action arises,* rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force *at the time of the institution of the action.*" (Emphasis added.) Were this the only statement in this area, DOT would have to provide the reports which plaintiff seeks because even if procedural in nature, this amendment was neither passed nor in effect on May 10, 1985, the date the complaint was filed.

Courts, however, have also held that legislation which affects procedure can be applied to litigation existing at the time of its enactment. *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731 (1920); *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973) and; *Albright v. Wella Corp.,* 240 Pa. Superior Ct. 563, 359 A.2d 460 (1976). Again, were this the only pronouncement, DOT could reasonably argue that it need not produce the reports.

Being presented with these conflicting concepts, this Court realizes whatever decision it makes could be supported by existing caselaw. After much thought, we believe the best result is to affirm the trial court's order. During this litigation, the trial court, on December 18, 1986, ordered DOT to respond to the plaintiff's interrogatories by January 6, 1987. In fact, DOT responded on January 5, 1987. As the amendment in question did not become effective until February 9, 1987, DOT's reliance upon the same was misplaced.

Affirmed.

### ORDER

Now, June 29, 1988, the order of the Court of Common Pleas of Lawrence County at No. 335 of 1985, C.A., dated July 31, 1987, is affirmed.