553 A.2d 94

Joseph James Ariondo *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Penny Sue Conner *v.* Keith Alan Munsey and Comcomwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Lorraine Gentile, Administratrix of the Estate of Salvatore J. Gentile, Deceased *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Penny Sue Conner, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, and Keith Alan Munsey, Appellees.

Lorraine Gentile, Administratrix of the Estate of Salvatore J. Gentile, Deceased, Appellant *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Lorraine Gentile, Administratrix of the Estate of Salvatore J. Gentile, Deceased, Appellant *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Joseph James Ariondo, Appellant *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Penny Sue Conner, Appellant *v.* Keith Alan Munsey and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Argued May 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

478

*Frank J. Micale,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant/appellee, Department of Transportation.

*Thomas A. Berret, Meyer, Unkovic & Scott,* for appellant/appellee, Penny Sue Conner.

*Raymond J. Seals,* for appellant/appellee, Lorraine Gentile, Administratrix of the Estate of Salvatore J. Gentile, Deceased.

*Harold Gondelman, Gondelman, Baxter, Yatch & Trimm,* for appellant/appellee, Joseph James Ariondo.

*Arthur R. Gorr, Gorr, Dell & Loughney,* with him, *John W. Jordan IV, Grigsby, Gaca & Davies, P.C.,* for appellee, Keith Alan Munsey.

OPINION BY JUDGE BARRY, January 6, 1989:

On December 29, 1983, Keith Alan Munsey was driving a moving van north on Route 28 in Shaler Township. His vehicle crossed over the center lines of the highway and hit a pick-up truck being driven in a southerly direction by Salvatore Gentile. Mr. Gentile was killed in that accident. His estate brought an action

against Munsey alleging negligent operation of his vehicle and the Pennsylvania Department of Transportation (DOT) alleging negligent design of the highway.

Munsey's van also hit a vehicle being driven in a southerly direction by Joseph Ariondo resulting in injuries to Ariondo and one of his passengers, Penny Sue Conner. Ariondo and Conner each brought actions against Munsey alleging negligent operation of his vehicle and DOT alleging negligent design of the highway.

On January 27, 1987, following a consolidated trial, the jury returned verdicts in favor of the plaintiffs in the following amounts: Estate of Gentile, $1,110,000.00 (Survival Action), $800,000.00 (Wrongful Death Action); Ariondo, $200,000.00 and Conner, $950,000.00. The verdicts also reflected that the jury found the defendant Munsey 65% causally negligent and DOT 35% causally negligent.

DOT filed motions for post trial relief in the form of a motion to mold the verdict, a motion for new trial and judgment n.o.v. Its motion to mold the verdict sought to reduce the jury's verdicts to reflect the limitation on damages set forth in Section 8528(b) of the Judicial Code (Code).[1] Its motion for new trial raised several allegations of error with respect to evidentiary rulings made by the trial court.

All of the plaintiffs filed motions for post trial relief. Their motions were in the form of motions to mold the verdict to find DOT and Munsey jointly and severally liable. The plaintiffs also filed petitions for delay damages.

On September 1, 1987, the trial court issued orders as follows. In the *Estate of Gentile,* (GD 85-22116) the

---

[1] 42 Pa. C. S. §8528(b) provides, "Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,000 in the aggregate.

jury's verdict was molded to reflect the Code's limitation on damages. The survival action recovery was reduced to $250,000 and the wrongful death action recovery was reduced to $250,000. Additionally, the order awarded delay damages as against DOT in the amount of $26,232.82 in each action. Finally, DOT and Munsey were determined to be jointly and severally liable.

In *Conner*, (GD 84-9840) the jury's verdict was molded to reflect the Code's limitation on damages reducing her recovery to $250,000. Delay damages as against DOT were awarded in the amount of $51,957.50 and denied as against Munsey. Further, DOT and Munsey were determined to be jointly and severally liable.

In *Ariondo*, (GD 85-17789), delay damages as against DOT were awarded in the amount of $25,000[2] and the defendants were determined to be jointly and severally liable.

Additionally, the trial court denied DOT's motions for judgment n.o.v. and new trial. DOT appealed to this Court in each case. Additionally, appeals were filed on behalf of the plaintiffs in the *Conner* and *Gentile* cases.

Following the filing of the notices of appeal the trial court issued its opinion in accordance with Pa. R.A.P. 1925(a). The opinion was accompanied by an order modifying the September 1, 1987 orders and eliminating the delay damages assessed against DOT. That order was dated December 30, 1987. All three of the plaintiffs appealed that order to this Court.

The eight appeals from these two trial court orders have been consolidated by order of this Court. We will address the appeals from each order separately.

---

[2] Delay damages were not sought against defendant Munsey.

TRIAL COURT ORDERS DATED SEPTEMBER 1, 1987
2184 C.D. 1987
2185 C.D. 1987
2186 C.D. 1987

DOT filed three notices of appeal from these orders; one from each trial court docket.[3]

With respect to all three appeals, DOT argues that the trial court erred in excluding the evidence DOT sought to introduce regarding the economic limitations which prevented it from erecting a median barrier at the site of this accident.

Counsel stipulated to the following at trial:

. . . . That Pennsylvania Route 28 is a state-maintained road under the control and supervision of the Pennsylvania Department of Transportation.

. . . . That a concrete median barrier between the south and north lanes on Route 28 was warranted by PennDOT's design manuals in effect since August of 1981.

. . . . That the general purpose of such a barrier is to prevent errant drivers from crossing over into oncoming and/or opposing lanes of traffic.

N.T., 1/21/87, 95.

Prior to trial the court granted the plaintiffs' motion in limine which precluded DOT from making any argument or presenting any evidence with respect to the availability of state or federal sources, DOT's budgetary process, or its efforts to obtain funding for Route 28 or any other highway in the Commonwealth.

---

[3] DOT's appeals are docketed as follows: *Ariondo,* GD 85-17789 at 2184 C.D. 1987; *Conner,* GD 84-9840 at 2185 C.D. 1987 and *Estate of Gentile,* GD 85-22116 at 2186 C.D. 1987.

The trial court granted the motion in limine and prevented DOT from attempting to introduce evidence at trial on the economic limitation question on the basis that it was irrelevant *citing Merling v. Department of Transportation*, 79 Pa. Commonwealth Ct. 121, 468 A.2d 894 (1983).

In *Merling*, Judge ROGERS wrote:

DOT next complains of the trial judge's exclusion of evidence concerning, and the trial judge's refusal to charge on the subject of, DOT's budgetary limitations and maintenance priorities. These subjects, it says, were relevant to the subject of whether DOT failed in its duty to take measures to protect against the dangerous conditions of the state highway involved in this case. We are provided with no authority for this thesis. It seems to be quite fallacious.

The fact that the Commonwealth in the statute waiving its immunity places a limitation on the amount of damages recoverable against it (42 Pa. C. S. §8528(b)), belies DOT's contention that there should be an additional limitation on the amount of damages. . . .

Despite DOT's protestations to the contrary its argument in the cases currently before us are identical to the argument it made in *Merling*.[4] We find the argument no less fallacious in 1988 than it was in 1983. Accordingly, we conclude that *Merling* is controlling and the trial court properly excluded the evidence sought to be introduced by DOT on this issue.

Next, DOT argues, again with respect to all three appeals, that it is entitled to a new trial inasmuch as the trial court improperly permitted the plaintiffs to intro-

---

[4] We note that DOT's counsel in this case also served as counsel in *Merling*.

duce evidence of prior accidents occurring on Route 28 in Shaler Township.

"In certain circumstances 'evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury.' " *Whitman v. Riddell,* 324 Pa. Superior Ct. 177, 180-81, 471 A.2d 521, 523 (1984), *quoting Stormer v. Alberts Construction Co.,* 401 Pa. 461, 466, 165 A.2d 87, 89 (1960). (Emphasis in original.) *See also Hoffmaster v. County of Allegheny,* 121 Pa. Commonwealth Ct. 266, 550 A.2d 1023 (1988).

First, DOT challenges the plaintiffs' admission of evidence of prior accidents on the basis that the testimony was hearsay. The challenged evidence was admitted through the testimony of Sergeant Paul Christy of the Township of Shaler Police Department. Sgt. Christy testified that he was the custodian of the police department's accident reports which had been reported to DOT beginning July 1, 1977. (N.T., 1/21/87 at 180.) He testified that Shaler Township began reporting certain accidents to DOT on forms it provided beginning July 1, 1977. (*Id.* at 182.) He further testified that the accident report forms were completed by Shaler Township police officers, *id.* at 185, that the reports were made in the regular course of busisness, *id.* at 181, and that he was responsible for transmitting the reports to DOT. *Id.* at 196. We find that the evidence was properly admitted as an exception to the hearsay rule under the Uniform Business Records as Evidence Act.[5]

---

[5] 42 Pa. C. S. §6108.

Second, DOT challenges the admission of the evidence of prior accidents[6] on the basis that it is confidential and inadmissible pursuant to 75 Pa. C. S. §§3751 and 3754. We disagree.

Sgt. Christy testified to the fact that accident reports from Shaler Township were prepared and transmitted to DOT. He also testified that pursuant to his examination of those reports a certain number of the accidents occurred at or near the location of the accident which is the subject of this litigation, that a percentage of those were also crossover accidents and that some of those crossovers resulted in injuries or deaths. In short, his testimony went to the question of whether DOT had notice of a dangerous condition on Route 28 in Shaler Township.

One of the sections relied upon by DOT to exclude this evidence, §3754, specifically refers to in-depth accident investigations made by DOT. There is no indication that Sgt. Christy's testimony amounted to or was derived from an in-depth DOT investigation. Accordingly, we conclude that Sgt. Christy's testimony was not inadmissible pursuant to 75 Pa. C. S. §3754.

DOT also argues that 75 Pa. C. S. §3751 operates to make Sgt. Christy's testimony inadmissible. That section provides:

(a) **General rule.**—Every police department that investigates a vehicle accident for

---

[6] DOT's brief raises this argument as to the testimony of Sgt. Christy and two exhibits which the plaintiffs sought to introduce. We have carefully reviewed the notes of testimony and have concluded that the exhibits to which DOT's brief refers were offered but never admitted. In fact, after extended conference at side bar and in chambers, DOT's objection to the admission of the exhibits was sustained. (N.T. 1/21/87 at 255.) Accordingly, we will only address DOT's concerns as to Sgt. Christy's testimony and are disturbed by DOT's presentation of arguments with respect to evidence which was never admitted.

which a report must be made as required in this subchapter, or otherwise prepares a written report as a result of an investigation either at the time and at the scene of the accident or thereafter by interviewing the participants or witnesses, shall promptly forward a written report of the accident to the department.

(b) **Furnishing copies of report.**—Police departments shall, upon request, furnish at a cost not to exceed $5 a certified copy of the full report of the police investigation of any vehicle accident *to any person involved in the accident,* his attorney or insurer, and to the Federal Government, branches of the military service, Commonwealth agencies, and to officials of political subdivisions. The copy of the report shall not be admissible as evidence in any action for damages or criminal proceedings arising out of a motor vehicle accident. Police departments may refuse to furnish the complete copy of investigation of the vehicle accident whenever there are criminal charges pending against any persons involved in the vehicle accident unless the Pennsylvania Rules of Criminal Procedure require the production of the documents.

(Emphasis added.)

In *Shoyer v. City of Philadelphia,* 96 Pa. Commonwealth Ct. 75, 80, 506 A.2d 522, 525 (1986), *petition for allowance of appeal dismissed,* 517 Pa. 61, 534 A.2d 758 (1987), we determined that 75 Pa. C. S. §3754 "was enacted to prevent the imposition of liability on individuals when the Commonwealth is immune from suit, so that individuals would cooperate in the in-depth investigations without fear of being liable themselves." We find that this is equally applicable to §3751, particularly since we conclude that §3751 precludes the admission of

accident reports in actions for damages arising out of the accident *about which* the report was prepared. Here, Sgt. Christy did not testify from accident reports prepared for the accident which gave rise to the action being tried. Rather, his testimony was based on accident reports prepared from prior accidents. Accordingly, we conclude that Sgt. Christy's testimony was not inadmissible pursuant to 75 Pa. C. S. §3751.

DOT has also appealed from the trial court's September 1, 1987 order on an issue related solely to the *Estate of Gentile,* GD 85-22116 at 2186 C.D. 1987. The jury awarded damages in both the wrongful death and survival counts in the Gentile complaint. The trial court molded the jury's verdict to $250,000 in each action. DOT argues that this Court's decision in *Huda v. Kirk,* 122 Pa. Commonwealth Ct. 129, 536 A.2d 513 (1988) necessitates a reversal of the trial court inasmuch as *Huda* holds that damages sought for wrongful death are not recoverable against the Commonwealth given the limitations on the types of damages recoverable set forth in Section 8528(c) of the Judicial Code, 42 Pa. C. S. §8528(c).[7]

---

[7] We have certain doubts as to whether DOT has properly preserved this issue for review. Its Motion for Post-Trial Relief simply requests that the trial court mold the verdict in the *Estate of Gentile* to $250,000. This request could have been based on the *Huda* argument or simply on a limitation of damages argument. While we certainly do not applaud DOT's inartful drafting of its Motion, nevertheless, the trial court discussed the recoverability of damages for both wrongful death and survival. Accordingly, we find no prejudice in addressing this issue on appeal. Further, following oral argument of these appeals before this Court, counsel for one of the plaintiffs submitted a letter to the panel members containing argument on the question of DOT's waiver of this issue. It may be contended that such post-submission communications are violative of Pa. R.A.P. 2501(a). This opinion in no way relies on such communication.

On April 8, 1988, this Court granted reargument in *Huda*. Following reargument and reconsideration by the court en banc we overruled *Huda* and held that a limited action for wrongful death[8] can be maintained against the Commonwealth. *Huda v. Kirk*, 122 Pa. Commonwealth Ct. 129, 551 A.2d 637 (1988) (*Huda II*). The trial court's decision in *Gentile* is entirely consistent with our decision in *Huda II*. Accordingly, we find no error in permitting a recovery for both wrongful death and survival.

Finally, DOT appeals from the trial court's September 1, 1987 order solely with respect to *Ariondo*, GD 85-17789 at 2184 C.D. 1987, arguing that the trial court erred in molding the verdict to make DOT and defendant Munsey jointly and severally liable. Since Munsey has been found to be financially indigent, the imposition of joint and several liability will allow Ariondo to attempt to recover the full amount of damages from DOT. DOT relies on *Voyles v. Corwin*, 295 Pa. Superior Ct. 126, 441 A.2d 381 (1982) and argues that under the facts of this case it should not be found to be a joint tortfeasor with Munsey. DOT contends that it acted separately from Munsey, neither could have guarded against the act of the other and the two defendants owed different duties to the plaintiffs. Further, it argues that

---

[8] The limitation on a wrongful death action against the Commonwealth is with respect to recoverable damages. Funeral expenses and the costs of administration of the decedent's estates normally recoverable in wrongful death actions are not recoverable against the Commonwealth. Given the nature of the verdict in *Gentile*, we are unable to determine whether such damages were part of the award. Further, since the jury's verdicts in the wrongful death and survival actions were molded from $800,000 and $1,110,000 respectively to $250,000 each, we may presume that any award made by the jury for funeral expenses and administration of estate costs was molded out of the verdict.

the jury's apportionment of negligence, *i.e.*, 65% for Munsey and 35% for DOT, should not be disregarded.

First, we must note that the specific question of whether the defendants are separate or joint tortfeasors is one of law for the court. *Voyles; Lasprogata v. Qualls,* 263 Pa. Superior Ct. 174, 397 A.2d 803 (1979). Accordingly, it is not error for a trial court to mold a jury's verdict to impose joint and several liability on the defendants where a jury has apportioned liability. It is for the court to determine, as a matter of law, whether multiple defendants are joint tortfeasors. *See generally Lehman v. McCleary,* 229 Pa. Superior Ct. 508, 329 A.2d 862 (1974) (where Superior Court reversed a trial court's order denying plaintiff's motion to mold the verdict to find defendants jointly and severally liable where a jury had apportioned damages between defendants). We also note that the jury's apportionment of negligence is not necessarily disregarded where joint and several liability is imposed on joint tortfeasors. In an action for contribution between the joint tortfeasors, the jury's apportionment determines one defendant's liability to the other. The joint tortfeasor who satisfies more than his equitable share of the joint liability may recover the excess from his fellow joint tortfeasors. *McMeekin v. Harry M. Stevens, Inc.,* 365 Pa. Superior Ct. 580, 530 A.2d 462 (1987), *petition for allowance of appeal denied,* 518 Pa. 619, 541 A.2d 746 (1988).

As noted above DOT also argues that the conclusion that it can be held jointly and severally liable is contrary to the facts in this case. The factors analyzed by DOT in suggesting its conclusion were mentioned, *inter alia,* in *Voyles.* The Superior Court has recently cautioned against consideration of the *Voyles* factors as a fixed and talismanic test. *Glomb v. Glomb,* 366 Pa. Superior Ct. 206, 530 A.2d 1362 (1987). We are guided by that Court's admonition that in some cases "the *Voyles*

'factors' will not help the court to determine whether a 'logical, reasonable or practical' basis for apportionment exists." *Id.* at 214, 530 A.2d at 1366. We find that the case before us is such a case and we decline to follow DOT's suggested use of the *Voyles* approach.

Rather, we conclude that DOT and Munsey are jointly and severally liable on the basis that they are joint tortfeasors. In *Farnell v. Winterloch Corp.*, 106 Pa. Commonwealth Ct. 542, 549, 527 A.2d 204, 207 (1987), we stated that "[j]oint tortfeasors are defined as '[t]hose who act together in committing wrong, or whose acts if independent of each other, unite in causing single injury." *Citing* Black's Law Dictionary, 5th Ed. (1979) at 753. There can be no question that DOT's act of failing to erect a median barrier and Munsey's act of failing to control his vehicle and stay in his lane united to cause the single injury to plaintiff Ariondo. Accordingly, we find no error in the trial court's conclusion that DOT and Munsey were jointly and severally liable.

2285 C.D. 1987

2290 C.D. 1987

Plaintiffs Conner and Gentile sought delay damages against defendant Munsey. The trial court denied their petitions and later concluded in its opinion that Munsey had offered the limits of his insurance policy, was otherwise indigent and no delay or unreasonable conduct was attributable to him.

On appeal, Conner and Gentile raise several arguments. First, they argue that the trial court erred in concluding that Munsey offered the limits of his insurance policy. Second, they argue that if Munsey did offer the limits of his insurance policy the offer was conditioned upon the plaintiffs providing a general or joint tortfeasors release. This condition, they argue, rendered the offer illusory inasmuch as the provision of a release

may have jeopardized their claims against the Commonwealth.

We need not address these issues. The trial court specifically noted that no delay or unreasonable conduct was attributable to Munsey. In *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), our Supreme Court suspended Pa. R.C.P. 238 concluding that its mandatory provisions assessing delay damages without regard to fault were violative of due process.[9] Having found that Munsey was not at fault for any delay, the trial court properly denied the plaintiffs' petitions for delay damages.

TRIAL COURT ORDER DATED DECEMBER 30, 1987
226 C.D. 1988
312 C.D. 1988
314 C.D. 1988

As noted above, following the entry of the trial court's orders dated September 1, 1987, five notices of appeal were filed. Pursuant to Pa. R.A.P. 1925(a) the trial court filed its opinion. In filing its opinion the trial court also entered an order dated December 30, 1987, eliminating the delay damages it had previously awarded against DOT. All three plaintiffs appealed from that order.

Pa. R.A.P. 1701(a) provides, "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other governmental unit may no longer proceed fur-

---

[9] The new Rule 238 promulgated by our Supreme Court on November 7, 1988, is inapplicable here inasmuch as delay damages had been determined prior to the effective date of that Rule. *See Knudsen v. Delaware County Regional Water Quality Control Authority,* 121 Pa. Commonwealth Ct. 549, 551 A.2d 358 (1988).

ther in the matter." The trial court's order entered December 30 followed the filing of five notices of appeal and was a nullity since jurisdiction was in this Court. *Temporaries, Inc. v. Krane,* 325 Pa. Superior Ct. 103, 472 A.2d 668 (1984) (trial court had no jurisdiction to enter order awarding delay damages after appeal from judgment filed). Accordingly, we must dismiss these appeals.

We are still faced, however, with the question of the propriety of the trial court's September 1, 1987 order which awarded delay damages against DOT. DOT filed three notices of appeal from the September 1 order. It filed one brief with this Court containing its arguments labeled "as appellant" in Nos. 2184, 2185 and 2186 C.D. 1987 and "as appellee" in Nos. 226, 313 and 314 C.D. 1988. Its argument with respect to the propriety of the award of delay damages is restricted to that portion of its brief designated as "appellee's" brief. Although we have dismissed the appeals filed at 226, 313 and 314 C.D. 1988, we conclude that DOT's arguments as appellee therein are fairly raised and will be treated as arguments raised as appellant in Nos. 2184, 2185 and 2186 C.D. 1987.

In its opinion, the trial court found that DOT was not at fault for any delay in the trial of these cases. In fact, the trial court found that the cases proceeded in a timely fashion from filing through pretrial to trial and verdict. Again, as was the case with defendant Munsey, when there has been a finding of no fault, an award for delay damages cannot be supported. *Craig.* Accordingly, we will reverse the trial court's award of delay damages as to DOT.

## ORDER IN 2184 C.D. 1987

NOW, January 6, 1989, the order of the Court of Common Pleas of Allegheny County dated September

1, 1987, at GD 85-17789, is hereby reversed solely as to the award of delay damages against DOT and is affirmed in all other respects.

### ORDER IN 2185 C.D. 1987

NOW, January 6, 1989, the order of the Court of Common Pleas of Allegheny County dated September 1, 1987, at GD 84-9840, is hereby reversed solely as to the award of delay damages against DOT and is affirmed in all other respects.

### ORDER IN 2186 C.D. 1987

NOW, January 6, 1989, the order of the Court of Common Pleas of Allegheny County dated September 1, 1987, at GD 85-22116, is hereby reversed solely as to the award of delay damages against DOT and is affirmed in all other respects.

### ORDER IN 2285 C.D. 1987

NOW, January 6, 1989, the order of the Court of Common Pleas of Allegheny County dated September 1, 1987, at No. GD 84-9840, is hereby affirmed.

### ORDER IN 2290 C.D. 1987

NOW, January 6, 1989, the order of the Court of Common Pleas of Allegheny County dated September 1, 1987, as amended on September 3, 1987, at No. GD 85-22116, is hereby affirmed.

### ORDER IN 226 C.D. 1988, 313 C.D. 1988 AND 314 C.D. 1988

NOW, January 6, 1989, the appeals in the above-captioned matters are hereby dismissed.

Judges MACPHAIL and MCGINLEY did not participate in the decision in this case.

Judge DOYLE concurs in the result only.