## South v. Murphy

*Edward E. Guido,* for plaintiff.

*Harvey Freedenberg,* and *Lawrence R. Wieder,* for defendants.

*James R. Moyles,* for additional defendant.

OLER, *J.,* March 16, 1993—For disposition in the present case is a preliminary objection to defendants' joinder complaint. The preliminary objection is in the form of a motion to strike certain averments which are said to involve privileged and confidential information. For the reasons stated in this opinion, the preliminary objection will be sustained.

## FACTUAL BACKGROUND

On March 16, 1992, Kevin Todd South, plaintiff's decedent, was fatally injured when the motorcycle he was operating collided with a tractor trailer owned and operated, respectively, by North American Van Lines, Inc., and Brian Francis Murphy, defendants.[1] Subsequent to

---

1. Plaintiff's complaint, containing wrongful death and survival action counts, alleges that defendant Murphy was an agent or employee

the accident, Dianna Kay South, plaintiff, commenced the present wrongful death and survival action against the defendants. A complaint joining the Commonwealth of Pennsylvania, Department of Transportation, as an additional defendant was filed by the defendants. The joinder complaint avers that PennDOT is solely liable to the plaintiff or liable over to the defendants "to the extent that [PennDOT's] negligence was a contributing factor in the accident." [2] Among the averments of negligence is the failure of PennDOT "to correct a dangerous condition of highway, when it knew such a condition to exist." [3]

At issue in the instant matter are certain averments in defendants' joinder complaint which allege that, as a result of traffic problems and accidents along the relevant section of U.S. Route 11, PennDOT conducted various traffic safety studies. The averments in question are as follows:

"(10) Prior to the date of the accident, PennDOT had conducted studies and held open meetings with local citizens regarding the aforementioned section of highway.

"(11) These studies and meetings were conducted as a result of traffic problems and accidents along the aforementioned section of highway.

"(12) PennDOT acknowledged orally and in writing that the area provided the ongoing potential for traffic accidents and was in need of improvement.

---

of defendant North American Van Lines, Inc., at the time of the accident. The accident occurred on U.S. Route 11 in Middlesex Township, Cumberland County, Pennsylvania, in the vicinity of Gables Self Service Plaza and the Best Western Motel. Defendants' joinder complaint, exhibit A, paragraphs 6-11.

2. Defendants' joinder complaint, paragraphs 8-16.

3. Defendants' joinder complaint, paragraph 14(h).

"(13) Despite having determined that a problem existed, along the aforementioned section of highway, PennDOT failed to take the requisite remedial action."[4]

PennDOT filed a preliminary objection in the form of a motion to strike the averments, raising the following points: (1) that "[t]he allegations set forth in ... paragraphs 10 through 13 of original defendants' joinder complaint constitute scandalous and/or impertinent matter;"[5] (2) that "[p]aragraphs 10 through 13 of original defendants' joinder complaint allege information [regarding traffic safety studies] which, if true, would be privileged and confidential pursuant to Pennsylvania statutory law;"[6] and (3) that "PennDOT cannot in good faith respond in the affirmative or in the negative because an affirmative response would be a judicial admission which would be admissible at the time of trial and a negative response may be untruthful."[7]

Defendants contend that the motion to strike should be denied because: (1) the permissible grounds for preliminary objections do not include an objection based upon the admissibility of evidence;[8] (2) the statutory provision said to confer confidentiality and privilege applies to in-depth studies only;[9] (3) the averments in question

---

4. Defendants' joinder complaint, paragraphs 10-13.

5. PennDOT's preliminary objection, paragraph 4.

6. PennDOT's preliminary objection, paragraph 3; see Act of December 11, 1986, P.L. 1530, §7, *as amended,* 75 Pa.C.S. §3754 (1992 Supp.).

7. PennDOT's preliminary objection, paragraph 5.

8. Defendants' brief in opposition to the preliminary objections of the department of transportation, at 1-2.

9. *Id.* at 3.

are neither scandalous nor impertinent;[10] and (4) the express language of the said statutory provision does not preclude a judicial admission that an investigation was performed.[11]

## DISCUSSION

### Statement of the Law

A review of several areas of law will be helpful to a disposition of the present issue. First, with respect to a motion to strike it has been stated that such a motion "is limited to errors of form. It cannot be used for other objections." 5 Standard Pennsylvania Practice §25:44, at 196 (1982). Moreover, because the rules of pleading are to be construed liberally, "[m]otions to strike are sparingly granted." *Id.* §25:51, at 207; see Pa.R.C.P. 126. Consistent with this general rule, impertinent matter that is not prejudicial may be treated as "mere surplusage and ignored." 2 Goodrich-Amram §1017(b):16, at 261 (1991). Where, however, a pleading contains impertinent material that would be prejudicial to a party, a motion to strike will be granted.[12]

Second, with reference to the meaning of impertinence in pleading, impertinence has been defined as the "averment of a fact or facts which are irrelevant to the material issues made or tendered, and which, whether proven or

---

10. *Id.* at 2-3.

11. *Id.* at 3.

12. See generally 2 Goodrich-Amram §1017(b):16, at 261 (1991). Former Pa.R.C.P. 1017(b), which listed the permissible grounds for preliminary objections, was rescinded in 1991 and the substance of former Rule 1017(b) was transferred to Pa.R.C.P. 1028.

not, or whether admitted or not, can have no influence in leading to the result of a judicial decree." 2 Anderson, Pennsylvania Civil Practice §1017:103, at 480 (1976). It has been stated that allegations in a pleading that relate to evidence which is otherwise competent, but which is not admissible to prove such averments, are impertinent. *Id.* at 481-482; see also, *Wasenda v. Muckus,* 41 Luz. L.R, 333, 334 (1982).

Third, with reference to the pleading of evidence, it has been said that "[e]vidence from which material facts may be inferred not only need not but should not be alleged in a pleading." 2 Goodrich-Amram 2d §1019(a):(6), at 321 (1991). "A court has wide discretion in determining whether a particular averment ... constitutes evidence...." *Id.* §1019(a):(8), at 324. "[I]f the presence of immaterial facts, evidence, or conclusions of law in a pleading is confusing or harmful, they may be stricken." *Id.* §1019(a):(11), at 326-27.

Fourth, with respect to the specific confidentiality provision of the Pennsylvania Vehicle Code[13] at issue in the present case, the language of the enactment is as follows:

"In-depth accident investigations and safety studies and information, records and reports used in their preparation shall not be discoverable nor admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the development, procurement or custody of in-depth accident investigations and safety study records and reports be required to give depositions or evidence pertaining to any-

---

13. Act of June 17, 1976, P.L. 162 §1, *as amended,* 75 Pa.C.S. §101 et seq. (Main vol. and 1992 Supp.).

thing contained in such in-depth accident investigations or safety study records or reports in any legal action or other proceeding."

Act of June 17, 1976, P.L. 162, §1, *as amended,* 75 Pa.C.S. §3754(b) (1992 Supp.). An analysis of this provision is assisted by the Statutory Construction Act of 1972,[14] which provides, inter alia, that statutes "shall be liberally construed to effect their objects and to promote justice."[15]

A prior version of this provision[16] was the subject of much pretrial litigation in cases in which the Department of Transportation was a defendant or additional defendant.[17] Issues generally involved whether protected material included information received by the Department (as

---

14. Act of December 6, 1972, §3, 1 Pa.C.S. §1501 et seq. (1992 Supp.).

15. Act of December 6, 1972, §3, 1 Pa.C.S. §1928(c) (1992 Supp.).

16. As originally enacted, section 3754(b) of the Vehicle Code provided as follows:

"Information, records and reports associated with in-depth accident investigations shall not be admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required to give evidence pertaining to anything contained in such in-depth accident investigation records or reports in any legal action or other proceeding." Act of June 17, 1976, P.L. 166, §1, 75 Pa.C.S. §3754.

17. See *e.g., Shoyer v. City of Philadelphia,* 96 Pa. Commw. 75, 506 A.2d 522 (1986), *allocatur granted,* 514 Pa. 622, 521 A.2d 935 (1987), *appeal dismissed as improvidently granted,* 517 Pa. 61, 534 A.2d 758 (1987); *Gregg v. PennDOT,* 29 D.&C.3d 549 (Adams 1983); *Smith v. PennDOT,* 29 D.&C.3d 129 (Lancaster 1983); *Lindsey v. PennDOT,* 23 D.&C.3d 202 (Bedford 1982); *Mayfield v. PennDOT,* 23 D.&C.3d 79 (Fayette 1982); *Simon v. Allegheny County,* 23 D.&C.3d 360 (Allegheny 1982).

opposed to generated by it),[18] whether the protection applied to discovery as well as evidentiary matters,[19] and whether the Commonwealth was an intended beneficiary of the protection.[20]

The provision was initially enacted in 1976 and became effective July 1, 1977,[21] at a time when the Commonwealth enjoyed a greater degree of legal immunity than it does now.[22] This latter circumstance led some courts to apply a limited reading to the statute in terms of intended protection of the Commonwealth in litigation.[23] Even so, at least one court observed that "[t]he obvious purpose of [former section 3754 of the Vehicle Code was] to permit PennDOT to obtain complete, critical, and unbiased evaluations for the purpose of correcting highway hazards by insuring that the evaluations will not be used against PennDOT in legal proceedings." *Simon v. Allegheny County*, 23 D.&C.3d 360, 365 (Allegheny Co. 1982).

In 1986, the legislature enacted the present version of the provision in question, expressly including within the purview of its protection discovery matters, information received by the Department, and "safety studies" conducted by the Department.[24] It seems clear that the

18. See *e.g., Smith v. PennDOT, supra* (negative).

19. See *e.g., Mayfield v. PennDOT, supra* (affirmative).

20. See *e.g., Lindsey v. PennDOT, supra* (negative).

21. *Shoyer v. City of Philadelphia, supra.*

22. *Id.; Ariondo v. Munsey*, 122 Pa. Commw. 475, 553 A.2d 94 (1989), *allocatur granted in part and denied in part*, 523 Pa. 650, 567 A.2d 653-54 (1989).

23. See *e.g., Lindsey v. PennDOT, supra.*

24. See Act of December 11, 1986, P.L. 1530, §7, 75 Pa.C.S. §3754(b) (1992 Supp.), *amending* Act of June 17, 1976, P.L. 162, §1, 75 Pa.C.S. §3754.

revisions to the statute were intended to support a more expansive interpretation of the scope of the Commonwealth's protection.

Finally, with respect to the significance of an admission in a pleading, it has been said that such admissions "have the effect of withdrawing a fact from issue...."[25] A judicial admission in this regard is said to be conclusive on the point in issue.[26]

## Application of Law to Facts

In the present case, the averments of the joinder complaint challenged by the Department of Transportation relate to matters which can properly be viewed as evidentiary in nature and which appear, in the absence of a more developed record, to implicate the confidentiality provisions of section 3754 of the Vehicle Code. Because of the conclusive effect of an admission in a judicial pleading, and of the other principles of law discussed above, the court believes that the paragraphs objected to in the defendants' joinder complaint should not have been included in the pleading.

## ORDER

And now, March 16, 1993, upon careful consideration of the preliminary objection of additional defendant, Commonwealth of Pennsylvania, Department of Transportation, to defendants' joinder complaint, the objection is sustained and paragraphs 10, 11, 12 and 13 of the joinder complaint are stricken.

---

25. Packel & Poulin, Pennsylvania Evidence §805.5, at 666 (1987).
26. *Id.*